[No. 10,548.—Department One.]

## THE PEOPLE EX REL. LEE LIN TAI ET AL. *v.* A. HEWILL, JUDGE, &c.

CRIMINAL LAW—BILL OF EXCEPTIONS—NEW TRIAL.—It is not necessary for the defendants in a criminal case, in making a motion for new trial, to have a bill of exceptions or statement prepared beforehand; nor in arguing and submitting their motion without such bill of exceptions or statement, do they waive their right to have a bill of exceptions settled after the motion is determined; but they are entitled to a record of so much of the evidence, proceedings, and decisions had on the trial as may be necessary to explain the grounds of their motion.

MANDAMUS to A. Hewill, Judge of the Superior Court of Stanislaus County.

*Johnson & Hazen*, for Plaintiff.

*W. E. Turner*, for Defendant.

McKEE, J.:

June 20th, 1880, Lee Lin Tai and Ah How were found guilty, by the verdict of a jury in the Superior Court of Stanislaus County, of an assault with a deadly weapon. On the third day of July, 1880, their counsel made a motion for a new trial, which was denied on the same day. On the tenth day of July, their counsel presented to the judge of the Court, for settlement, a draft of a bill of exceptions. The judge refused to settle it, except that portion of it which referred to the defendant's motion for a new trial, and the defendants applied to this Court for an alternative writ of mandate.

In answer to the application, a motion is made to quash the writ, upon the ground that the petition of the relators does not show, by proper averments, that the bill of exceptions which they want settled is a true bill.    In support of the motion we have been referred to *The People* v. *Baker*, 35 Barb. 105, and *The State of Ohio* v. *Todd*, 4 Ohio, 352.    But the demand in the one case was to have a bill of exceptions settled *in a particular way ;* and in the other, to *sign* a bill of exceptions as it was presented.    In the one case the Court returned to the writ, that it had duly and truly settled the case according to the truth, and that to settle it in the manner required would be contrary to the truth.    In the other, the judge refused to *sign* the bill offered, because it was not true ; and in both cases the return was held to be a full and perfect answer to the writ. But *this* is neither of those cases.    In his return to the writ, the judge of the Court below says that he refused to settle the draft of the bill of exceptions which was presented to him, because the defendants did not, at the time of their motion for a new trial, " bring to the notice of the Court any rulings made by it during the trial; nor did they produce any of the evidence given on the trial, either by the production of a bill of exceptions, a statement, or the reporter's notes of testimony taken at the trial ; nor did they ask time to produce or prepare any bill of exceptions or statement, but submitted their motion solely on the points argued; and therefore the Court considered that all the grounds specified, and upon which the motion was made, were waived, except the alleged errors in the instructions."

But the motion for a new trial was made upon the grounds, that the Court had misdirected the jury in matters of law ; that it had erred in the decisions of questions of law arising during the trial ; and that the verdict was contrary to the evidence and the law.

These are grounds upon which the defendants had a right to move.    (Subs. 5, 6, § 1181, Pen. Code.)    In making their motion, it was not necessary to have a bill of exceptions or statement prepared beforehand, or for the hearing of the motion. (*People* v. *Fisher*, 51 Cal. 319.)    The motion could be heard without any bill of exceptions or statement ; and in arguing and submitting the motion without either of those things, the de-

fendants did not waive their right to have a bill of exceptions settled *after* the motion was heard and determined. That right was guaranteed by § 1174 of the Penal Code. They are entitled to a record of so much of the evidence, proceedings, and decisions had on the trial of their case as may be necessary to explain the grounds of their motion for a new trial, and to that end it is the duty of the judge of the Court to settle such a draft of a bill of exceptions when presented to him for settlement, within the time prescribed by § 1174, *supra.* (*People* v. *Keyser*, 53 Cal. 184.)

Mandate ordered.

McKINSTRY, J., and ROSS, J., concurred.