[No. 9,736.   Department One.—January 16, 1885.]

J. B. CAREAGA, RESPONDENT, v. CHARLES FERNALD, REFEREE, &c., APPELLANT.

NEW TRIAL—TRIAL BY REFEREE—NOTICE OF MOTION—FILING OF FINDINGS AND JUDGMENT.—Notice of motion for a new trial in an action tried by a referee, and subsequent proceedings based thereon, are ineffectual for any purpose, if made before the findings and judgment are filed.

ID.—MANDAMUS—SETTLEMENT OF STATEMENT.—A writ of mandate lies to compel a referee to settle a statement on motion for a new trial in an action tried by him.   Upon the refusal of the referee to settle such statement, the remedy by appeal, conceding it to exist, is inadequate.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

Mandamus to compel the defendant to settle a statement on motion for a new trial.   The facts are sufficiently stated in the opinion of the court.

*Metcalf & Metcalf*, and *Cope & Boyd*, for Appellant.

The order of the referee refusing to settle the statement on motion for a new trial was an order made after final judgment, and was therefore appealable. (Code Civil Proc., § 939, sub. 3; *Calderwood* v. *Peyser*, 42 Cal. 113 ; *Thompson* v. *Lynch*, 43 Cal. 484; *Clarke* v. *Crane*, 57 Cal. 633.)   The remedy by appeal being plain, speedy, and adequate, a writ of mandate will not lie. (*Peralta* v. *Adams*, 2 Cal. 595; *Ludlum* v. *Fourth Dist. Court*, 9 Cal. 12 ; *Early* v. *Mannix*, 15 Cal. 150 ; *People* v. *Sexton*, 24 Cal. 82, 84; *People* v. *Pratt*, 28 Cal. 169; *Careaga* v. *Dryden*, 29 Cal. 309 ; *People* v. *Moore*, 29 Cal. 429 ; *Lewis* v. *Barclay*, 35 Cal. 213 ; *Clark* v. *Minnis*, 50 Cal. 510 ; *Clark* v. *Crane*, 57 Cal. 633.)   No appeal having been taken from such order within sixty days after its entry, the same became final and conclusive. (*Thompson* v. *Lynch*, 43 Cal. 484.)

*R. B. Canfield*, for Respondent.

Ross, J.—An action entitled *Harris* v. *Careaga* was referred by the Superior Court of Santa Barbara county to the defendant herein, " to try all the issues of law and fact in said cause, and to report findings and a judgment thereon."   The case was

regularly tried before the referee, who subsequently, and on the
9th of January, 1882, reported to the court his findings of fact,
conclusions of law, and a judgment; but by direction of the
court, they were not filed until the 8th day of September, 1882.
Meanwhile, however, that is to say, on the 13th of February,
1882, the defendant, against whom the decision of the referee
was, gave notice of his intention to move for a new trial, and
followed it with a statement which was settled, allowed, and cer-
tified by the referee, and filed in court on the 8th of September,
1882—the day the findings and judgment were filed.   The pro-
ceedings thus taken by the defendant for the purpose of obtain-
ing a new trial of the action, having been taken before the find-
ings and judgment were filed, were ineffectual for any purpose,
as was held on an appeal taken by the plaintiff in that action
from an order made by the court based upon those proceedings
granting a new trial.   (*Harris* v. *Careaga*, 1 W. C. Rep. 467.)
Being ineffectual for any purpose, they are to be laid out of
consideration.

But it appears that subsequent to the filing of the findings and
judgment, and within statutory time thereafter, the defendant
duly served and filed a notice of intention to move for a new
trial of the action, and within due time thereafter prepared and
served upon the attorneys for the plaintiff in the action his pro-
posed statement on the motion, who, reserving the right to ob-
ject to the settlement thereof, proposed amendments thereto.
Within proper time thereafter, the proposed statement and
amendments were presented to the referee for settlement, which
was continued from time to time until the 14th of May, 1883, at
which time the respective parties, by their attorneys, appeared
before the referee, when the attorney for the plaintiff objected
to the settlement of the proposed statement, his objection being
based on the fact of the former proceedings for a new trial.
Subsequently, the respective parties were heard upon the ob-
jections, and on the 14th of June, 1883, the referee made and
filed an order in writing, sustaining the plaintiff's objections to
the settlement of the statement, and refusing to settle the same.
On the 9th of May, 1884, and after the decision of this court,
holding the proceedings for new trial, first alluded to herein,
ineffectual, the defendant applied to the court for a writ of

mandate, compelling the referee to settle his proposed statement, and the court having awarded the writ, the present appeal is from that judgment.

For the appellant, it is said that the order of the referee refusing to settle the statement is appealable, and therefore that *mandamus* will not lie. If appellant's premise in this regard be conceded, his conclusion does not follow. Where the remedy by appeal is inadequate, the existence of such a remedy is not an answer to the application for the writ. (*Merced M. Co.* v. *Fremont,* 7 Cal. 130.) It is plain that an appeal from the action of the referee refusing to settle the statement, conceding that the right of appeal existed, would not have afforded the defendant an adequate remedy ; for if on such appeal the order should be reversed, it would not secure the aggrieved party the right erroneously denied him, namely, the settlement of the statement. The referee might still refuse to settle it, and defendant at last be compelled to resort to *mandamus.* The statement in question having been presented in due time, the law enjoined upon the referee the duty to settle it, and the writ of mandate will issue to compel the discharge of the duty. (*Lin Tai* v. *Hewill,* 56 Cal. 118 ; *People* v. *Crane,* 60 Cal. 279.) There was no such laches as precluded a resort to this remedy on the part of the defendant.

Judgment affirmed.

McKEE, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.