**RUSSELL et, Plaintiffs, v. LINTON, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 652281. Decided November 4, 1953.

Robert Blue, Martin H. Wilkinson, Cleveland, for plaintiffs.
Ralph W. Bell, Richard G. Bell, Robert R. Freda, Bedford, for defendants.

## OPINION

By MERRICK, J:

Some of the facts in this case must be set forth to portray a better understanding of the legal conclusions arrived at in this opinion. In May, 1953, the Solon village council re-zoned certain territory for industrial uses. Plaintiffs are owners of land within this territory. After the enactment of the ordinance, some steps were taken to secure a referendum. The petition for such referendum was found by the village clerk to be defective and the same was not certified to the board of elections, and this avenue of review was not further pursued. Subsequently a petition calling for an initiative election was filed with the village clerk. The ordinance pro-

posed would re-zone the area to return it to the classification in which it rested prior to the council action. Upon the filing of the petition for the initiative election, the within action was brought against the clerk, seeking to enjoin a certification to the board of elections. Thereafter, the initiating committee, on its own motion, was made a new party defendant and has contested the action as such. The village clerk has not filed an answer or made any other resistance in the action.

Plaintiffs contend that the initiating committee should not have been permitted to become a party.

An initiating committee is authorized by §731.34 R. C. which reads in part as follows:

"The petitioners may designate in any initiative or referendum petition a committee of not less than three of their number, who shall be regarded as filing the petition * * *. If after a petition proposing an ordinance or other measure has been filed with such auditor or clerk, the proposed ordinance or other measure, or a substitute for the proposed ordinance or measure approved by such committee, is passed by the legislative authority of the municipal corporation, the majority of the committee shall notify the board of elections in writing and such proposed ordinance or measure shall not be submitted to a vote of the electors."

It will be observed that by the language of the statute, the committee is authorized to make the decision as to whether or not the election becomes necessary upon the happening of certain things. While the statute does not make the naming of a committee necessary, it certainly recognizes the need for it and prescribes certain duties and rights for such committee. If the committee may do certain things necessary to withdraw, the initiating petition, why can it not take steps to carry the petition to the voters for decision? Upon a failure or refusal of the clerk of council to certify a referendum petition to the election authorities, the remedy of the petitioners is an action to compel such certification. **Powelsland v. City of Toledo, 15 Oh Ap 198.** In the instant case, those interested in preventing a certification have brought the action. They are not petitioners for a vote by the people, but are asking for an order of this Court to prevent such submission. In good logic, certainly, those who would have a right to demand a certification have an equal right to resist those who seek to prevent it. For this reason, the new defendants are proper parties in their individual rights and as a committee provided for by statute.

The proposed ordinance by its text refers to certain land and sets out such land by metes and bounds. Plaintiffs con-

tend that it is thereby defective in that the land is not further identified by a map or plat. Much stress is laid by the argument that the statutes regulating the manner in which a council may zone or re-zone require many steps to be taken, one of which is the attaching to the proposed ordinance of maps and a further proviso for the affording of public examination thereof. Our consideration is of action under the initiative rights afforded by the Ohio Constitution and not of regulatory statutes applicable to the acts of a legislative body. Many steps are required before a council may pass zoning legislation. Does this imply that like steps must be taken before zoning legislation can be initiated by a vote of the people? Is not the initiating process a substitute for the legislative process?

In any discussion of the right to initiate legislation, a reference to the fundamental law of our state is always helpful. And it might not be amiss to review the rights granted to the people when it is decided to attempt the passage of some law without recourse to the usual procedure of legislative action. The basic power to make law by this process is found in **Article I, Section 2, of the Ohio Constitution**:

"All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary * * *"

The right to initiate municipal legislation is granted by the **Ohio Constitution** in **Article II, Section 1-f** as follows:

"The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law."

Here we find a delegation of power to provide how the initiative and referendum privileges that were reserved to the people of each municipality may be applied on such questions as they were then or might thereafter be authorized to control by legislative action. This is not an automatic or self-executing section of the Constitution. **City of Youngstown v. Craver, 127 Oh St 195, 203.**

**Section 1-f, Article II** is a comprehensive grant of power to the people of municipalities, and the legislation with reference to its exercise is obviously such legislation as is found in the provisions of §4227-1 et seq, GC. **Cincinnati v. Hillenbrand, 103 Oh St 286, 298.**

Sec. 4227-1 GC is now §731.28 R. C., which reads as follows:

"Ordinances and other measures providing for the exercise

of any powers of government granted by the constitution or delegated to any municipal corporation, by the general assembly, may be proposed by initiative petition. Such initiative petition must contain the signatures of not less than ten per cent of the electors of such municipal corporation.

"When a petition is filed with the city auditor or village clerk, signed by the required number of electors proposing an ordinance or other measure, such auditor or clerk, shall, after ten days, certify the petition to the board of elections * * *."

Secs. 731.31 to 731.41 R. C. provide for the manner and form in which petitions are to be made up and other regulatory safeguards and limitations to be applied in initiating municipal legislation.

Counsel for plaintiffs contend that the right of initiative is further controlled by an ordinance of the village of Solon which provides that proposed ordinance amendments concerning zoning must first be referred to the Planning and Zoning Commission for report. Counsel cite **Dillon v. City of Cleveland, 117 Oh St 258,** in support of this argument. This case is not in point here for the reason that its reasoning applies to cities having adopted a charter and providing therein for procedure in initiating legislation. **Sec. 731.41 R. C.** specifically grants the right to charter cities to provide their own procedural steps and controls in initiating legislation and cannot be applicable in this case where we are considering the general laws of Ohio governing village governments.

It is obvious that the framers of the Ohio Constitution intended by the initiative process a by-passing of all other legislative stops and checks, providing the steps in the enabling statutes were complied with. Certainly, it was not contemplated that a village council could pass any ordinance to conflict with or contravene the Constitution or state laws enacted thereunder. This is so fundamental that it requires no citation or argument in support thereof. It follows therefore that any village ordinance requiring the attachment of a plat or map or submission to any board or committee would not be a condition precedent to the right to initiate zoning legislation in the village of Solon.

The initiated ordinance would repeal Ordinance 1953-10 and re-zone the area involved. Did the failure of the efforts to secure a referendum for the initiating of an ordinance to repeal that which would have been the subject of the referendum? Any doubt, therefore, existing on this question seems to have been clearly settled by the decision of the Supreme Court of Ohio in **State ex rel. Sharpe v. Hitt, 155 Oh St 529.**

This decision overrules an earlier one found in **State ex rel. Smith v. City of Fremont, 116 Oh St 469.**

In the Sharpe case, supra, the third syllabus reads as follows:

"The electors of a municipality may by the initiative enact a measure conflicting with or repealing legislation previously passed by the municipal council, so long as the subject matter of such initiative ordinance is within the powers of the municipality to control by legislative procedure."

Judge Zimmerman wrote the opinion and at page 536 is found this language:

"In adopting the initiative and referendum provisions of **Section 1-f, Article II of the Constitution of Ohio,** it was certainly not the intention of the people to leave the voters of a municipality powerless to override legislation which might be obnoxious to them. Even though the referendum is not available because an objectionable ordinance was passed as an emergency measure, perhaps arbitrarily, the initiative always remains as an authorized remedy. Otherwise, the people who elect the members of council and pay their salaries would occupy a place below the council in legislative power. Surely such was not the design and purpose of **Section 1-f, Article II of the Constitution.**"

This now brings us to the consideration of the objections that the proposed ordinance is ambiguous and misleading and contains multiple subjects in its title and text. The obvious conclusion would be, that if these handicaps existed in the ordinance, the voters could not intelligently determine upon what subject they were voting. A reading of the ordinance clearly indicates a plain intention to undo the act of the village council in rezoning certain lands and to place such lands back into a classification formerly controlling them. Certainly the voters would know the issue presented:—Vote "yes" to re-zone the area for single family residences: Vote "No" to retain the zoning for manufacturing purposes. It seems to be as simple as that.

There is a serious question as to whether or not, under the issues raised in this case, this Court has jurisdiction to pass upon the validity of this proposed ordinance. So long as the steps provided by the statute are complied with, the submission should not be enjoined upon the complaint that after it is passed the ordinance might be invalid or unconstitutional. Cincinnati v. Hillenbrand, supra.

Reconciling the conclusions set forth herein, the petition of the plaintiffs is dismissed and a decree may be entered permitting the defendant to certify the petitions for an initiative

election to the board of elections as provided in §731.28 R. C.
Counsel may prepare an entry accordingly. Costs are assessed against the plaintiffs.