[Civ. No. 6303.    Fourth Dist.    Dec. 15, 1960.]

LAGUNA BEACH TAXPAYERS' ASSOCIATION et al.,
Appellants, v. CITY COUNCIL OF THE CITY OF
LAGUNA BEACH et al., Respondents.

Morgan Cuthbertson for Appellants.

Jack J. Rimel, City Attorney and Rimel & Johnson for Respondents.

COUGHLIN, J.—This appeal requires a determination as to whether certain proposed city ordinances might be adopted through initiative proceedings.

Appellants applied for a writ of mandate to compel the respondent city council either to adopt or call a special election for the purpose of submitting the adoption of these ordinances to the voters of the city of Laguna Beach. Their petition contained four counts; each count referred to a specific ordinance; the first concerned the acquisition of property to be used as a beach, and the calling of an election to authorize the issuance of bonds for such acquisition; the second provided a method of payment of these bonds; the third proposed the adoption and implementation of an architectural policy for future buildings; and the fourth constituted an amendment to a zoning ordinance regulating the height of buildings. Respondents entered a general demurrer to each count of the petition; this demurrer was sustained without leave to amend; a judgment of dismissal followed; and from this judgment appellants have taken this appeal.

There is no contention respecting the sufficiency of the

preliminary initiative procedures preceding the request for adoption of the proposed ordinances or the calling of a special election to submit them to the voters. As indicated, the sole question presented concerns the propriety of the ordinances as subjects for adoption through initiative proceedings.

Since the judgment herein, the respondent city council has called a bond election as requested through the initiative proceedings referred to in the first count of the petition, and appellants admit that their appeal is moot as to this count. At the time of oral argument herein, it was stipulated that the bond election was lost. The initiative ordinance referred to in the second count of the petition was companion to the beach acquisition bond ordinance; provided a method of payment of the bond issue proposed by the latter ordinance; and was operationally dependent upon approval of that bond issue by the voters. As the beach acquisition bond issue was not approved by the voters, the second ordinance, if adopted, would have become *functus officio* by its own terms. Consequently, the controversy respecting its nonadoption has ceased to exist. If appellants' petition for a writ of mandate had been limited to the first and second counts thereof, the pending appeal would be dismissed as moot. (*Consolidated etc. Corp.* v. *United A. etc. Workers,* 27 Cal.2d 859, 862 [167 P.2d 725]; *Lenahan* v. *City of Los Angeles,* 14 Cal.2d 128, 132 [92 P.2d 1014]; *Bollotin* v. *Workman Service Co.,* 128 Cal. App.2d 339, 342 [275 P.2d 599].) Consequently, the issues raised by these two counts of the petition need not be considered in determining the propriety of the judgment of dismissal entered by the lower court.

In sustaining respondents' demurrer to the third and fourth counts in the petition, the trial court determined that the initiative proceedings therein set forth ''constituted attempts contrary to the laws in this state to use initiative procedure to amend, modify and alter the provisions of an existing zoning ordinance.''

Basic to a consideration of the questions presented on this appeal ''is the established law of this state that an ordinance proposed by the electors of a county or of a city in this state under the initiative law must constitute such legislation as the legislative body of such county or city has the power to enact under the law granting, defining and limiting the powers of such body.'' (*Hurst* v. *City of Burlingame,* 207 Cal. 134, 140 [277 P. 308]; *Blotter* v. *Farrell,* 42

Cal.2d 804, 810 [270 P.2d 481].) ▮▮ It is settled that, as a general rule, a city ordinance enacting or amending zoning legislation is not a proper subject for adoption through the initiative law in the manner proposed by the initiative petitions under consideration in this case. (*Hurst* v. *City of Burlingame, supra,* 207 Cal. 134, 140; *Johnston* v. *City of Claremont,* 49 Cal.2d 826, 836 [323 P.2d 71].) The reason for this rule is that the statute which confers upon the legislative body of the city the power to enact zoning laws prescribes the method by which they are to be adopted or amended: that the method of enactment is the measure of the power to enact: and that the initiative process as used in this case does not conform to this method. (*Galvin* v. *Board of Supervisors,* 195 Cal. 686, 696 [235 P. 450]; *Hurst* v. *City of Burlingame, supra,* 207 Cal. 134, 140; *Simpson* v. *Hite,* 36 Cal.2d 125, 134 [222 P.2d 225]; *Johnston* v. *City of Claremont, supra,* 49 Cal.2d 826, 836.)

Faced by this inevitability, the appellants contend that the initiative ordinances proposed by them are not zoning regulations of the type subject to the restrictive method of adoption imposed by the statute conferring authority on the city to enact zoning legislation and, for this reason, may be adopted through the initiative process.

Section 65800 of the Government Code, which defines the authority granted, authorizes a city to regulate the use, "location, height, bulk, number of stories, and size of buildings"; to establish and maintain setback lines; and to create civic districts around civic centers, public parks and public buildings for the purpose of enabling a planning commission to review all plans for buildings within the district in order to assure an orderly development in the vicinity.

▮▮ The initiative architectural policy ordinance involved in this case proposes a policy that all future buildings in the city should conform to a type of architecture to be adopted and enforced through appropriate legislation. Appellants contend that the subject of this ordinance is not within the purview of section 65800 of the Government Code. We conclude to the contrary. An architectural policy very conceivably could regulate the use of a building by requiring conformance to a design which, as a practical matter, would limit its use to or prevent its use for a specific purpose. In like manner, such a policy readily could be used to regulate the "location, height, bulk, number of stories, and size of

buildings.'' Similarly, an architectural policy very likely would overlap the field of regulation granted a planning commission in the exercise of its authority to review the plans for buildings within civic districts in order to assure an orderly development in the vicinity.

A concrete example of the inclusion of an architectural policy as a part of zoning regulations is found in the existing zoning ordinance of the city of Laguna Beach. This ordinance, in many particulars, specifically prescribes an architectural policy. The proposed initiative ordinance would amend the existing zoning ordinance insofar as the latter deals with architectural matters. Appellants claim that the existing zoning ordinance may not be considered by this court in determining the sufficiency of their petition because neither the fact of its existence nor the substance of its provisions are alleged and a court may not take judicial notice of a municipal ordinance, relying upon the rule stated in such cases as *Shachunazarian* v. *Widmer*, 159 Cal.App.2d 180 [323 P.2d 865] ; *Markwalder* v. *Leonhard*, 152 Cal.App.2d 254 [313 P.2d 200] ; *Higbee* v. *LaSalle*, 145 Cal.App.2d 737 [303 P.2d 65].) However, the facts in this case foreclose the application of this rule. From the record on appeal, as augmented by order of this court, it appears that, at the time of the hearing of the demurrers in question, the attorneys for all parties stipulated that the trial judge might take judicial notice and consider the existing zoning ordinance in ruling thereon. In substance, this stipulation amounted to an incorporation of the existing ordinance into the petition for the purpose of testing its sufficiency under the demurrers. (*Cf.* 3 Witkin, California Procedure, p. 2264; *Ernst* v. *Searle*, 218 Cal. 233, 240 [22 P.2d 715] ; *Vitale* v. *City of Los Angeles*, 13 Cal.App.2d 704, 706 [57 P.2d 993].)

The initiative proceeding referred to in the fourth count of the petition proposes the adoption of an ordinance expressly referring to the existing zoning ordinance and adding thereto a provision which would deprive the planning commission of authority to grant a variance permitting the construction of buildings of more than 50 feet in height. Section 65800 of the Government Code, heretofore considered, which defines the grant of power conferred upon a city to enact zoning laws, expressly authorizes it to regulate the ''height'' of buildings. An ordinance regulating the height of buildings, under the power so conferred, may be adopted or

amended only in the manner prescribed by the statute grant-ing that power. The method of adoption or amendment pro-vided by the initiative law, and used by appellants, does not conform thereto; may not be substituted therefor; and, as a consequence, the proceedings followed in this case are ineffec-tive for the purpose intended. (*Johnston* v. *City of Clare-mont, supra,* 49 Cal.2d 826, 836; *Simpson* v. *Hite,* 36 Cal.2d 125, 134 [222 P.2d 225]; *Hurst* v. *City of Burlingame, supra,* 207 Cal. 134, 140; *Galvin* v. *Board of Supervisors, supra,* 195 Cal. 686, 696.)

In support of their position that the ordinance in question is not governed by the provisions of Government Code, sec-tions 65800 et seq., appellants propose a distinction between an ordinance regulating the height of buildings and one for-bidding a planning commission to grant a variance permitting the construction of buildings which are more than 50 feet in height. The distinction is one in phraseology only and is of no legal consequence. The latter ordinance regulates the height of buildings by prescribing a maximum height therefor. The mechanics by which this limitation is imposed do not withdraw it from the field of regulation.

Appellants contend, nevertheless, that the provisions of section 65807 of the Government Code permit ''amend-ments by the initiative of the nature here involved.'' Their argument in support of this contention centers about the proposition that the statute conferring the authority to enact zoning legislation does not contain any ''limitation or restric-tion with respect to architectural supervision such as is dealt with in the proposed ordinance'' or with respect to placing restrictions upon the power of a planning commission. The code section relied upon in support of this further contention provides: ''*Except as otherwise provided in this article* any amendment to a zoning ordinance may be initiated and adopted as other ordinances are initiated and adopted.'' (Em-phasis added.) (Gov. Code, § 65807.)

It is argued that ''other ordinances'' are initiated and adopted by the initiative process and that amendments of the nature proposed by appellants come within this class. Section 65804 of the Government Code provides that ''*an amendment* to a zoning ordinance which . . . *imposes any regulation list-ed in Section 65800* not theretofore imposed or removes or *modifies any such regulation* theretofore imposed shall be initiated and adopted in the same manner as required for the

initiation and adoption of the original zoning ordinance.'' (Emphasis added.) As heretofore indicated, we conclude that the initiative ordinances sponsored by appellants involve subjects of regulation described in section 65800. For this reason they must be initiated and adopted in the same manner as an original zoning ordinance. As a consequence, the amendments in question fall within the exception stated in section 65807, i.e., ''except as otherwise provided in this article,'' and may *not* be ''initiated and adopted as other ordinances are initiated and adopted.'' The contention urged is without merit.

The controversy respecting the initiative measures referred to in the first and second counts of appellants' petition having become moot, and the demurrers to the third and fourth counts thereof properly having been sustained without leave to amend, the request for a reversal of the judgment of dismissal which followed must be denied.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.