[Civ. No. 40127. Second Dist., Div. Three. June 27, 1972.]

LEONARD BAYLESS et al., Petitioners, v.
FRANK R. LIMBER, as City Clerk, etc., et al., Respondents.

**COUNSEL**

John C. Hamilton for Petitioners.

William L. Wilcoxen as Amicus Curiae on behalf of Petitioners.

Robert Flandrick, City Attorney, Martin & Flandrick and Jack L. White for Respondents.

Blair & Raydon and Gerald T. Raydon as Amici Curiae on behalf of Respondents.

## OPINION

**COBEY, J.**—Leonard Bayless and Florentin J. Pearne, citizens, electors and residential property owners in the City of Whittier, have petitioned this court for a writ of mandate directing the city council and the city clerk to process an initiative petition, proposed by petitioners and others, to amend the Whittier Municipal Code to prohibit oil well drilling within that portion of the city zoned residential.

The threshold question presented by the petition for a writ of mandate is whether in this case the remedy by appeal, which initially was available to petitioners, was not "a plain, speedy and adequate remedy in the ordinary course of law." (See Code Civ. Proc., § 1086; *Careaga* v. *Fernald,* 66 Cal. 351, 353 [5 P. 615].) Petitioners and others applied for identical extraordinary relief to the superior court in the case entitled Prod v. Whittier City Council (No. C 18359). That court denied such relief on the merits about four months ago. No appeal was taken from this denial and the judgment of denial is therefore final.[1] The next general municipal election within the City of Whittier will not occur until April 1974—over 21 months hence. In view of the fact that the fundamental question involved in this case is entirely one of law, there can be little doubt but that the appellate remedy would be completed by petitioners long prior to this forthcoming election.

Nevertheless, whether an appeal from the adverse judgment of the superior court in the Prod case would be an adequate remedy for petitioners depends on equitable considerations and is a question committed to our discretion.[2] (See *Bruce* v. *Gregory,* 65 Cal.2d 666, 671 [56 Cal.Rptr. 265, 423 P.2d 193].) What is involved in this proceeding is a fundamental change in a policy of many years standing of the City of Whittier. From 1957 to almost 1971 the only oil well drilling permitted within the city was at four specified drilling sites. By ordinance, effective December 24, 1970, oil well drilling was placed on an unclassified permit basis for the production of oil, etc., and on a conditional use permit basis for exploratory core hole drilling. Subsequently the city council granted the American Petrofina Exploration Company an unclassified use permit to drill up to 24 oil wells at a site zoned one family residential and entirely

---

[1]Pursuant to rules 12(a) and 53 of the California Rules of Court we have added to our record in this case the file of the superior court in the Prod case (C 18359). This shows that the time within which to appeal had not run in the Prod case when we issued our alternative writ in this case.

[2]This question aside, the remedy of mandamus would appear to be entirely appropriate. (See Code Civ. Proc., § 1085; *Blotter* v. *Farrell,* 42 Cal.2d 804, 812-813 [270 P.2d 481].)

surrounded by property zoned residential. It is quite obvious that in the many months required to process an appeal in the superior court case, considerable oil well drilling probably would occur on residential property within the City of Whittier and some property within the immediate vicinity of such drilling might well be adversely affected. Furthermore, it is in the interest of the people of Whittier that the courts determine as promptly as possible the basic legal question raised by the petition before us as to how this zoning controversy may be resolved. Finally, the basic question at issue here is undoubtedly of importance in several chartered cities in this state. For these reasons we viewed the remedy by appeal as being inadequate here and this is why we granted an alternative writ of mandate in this case. (See *People* ex rel. *Younger* v. *County of El Dorado,* 5 Cal.3d 480, 492 [96 Cal.Rptr. 553, 487 P.2d 1193]; cf. *Brown* v. *Superior Court,* 242 Cal.App.2d 519, 522 [51 Cal.Rptr. 633]; *Hagan* v. *Superior Court,* 53 Cal.2d 498, 501-502 [2 Cal.Rptr. 288, 348 P.2d 896]; *Perry* v. *Jordan,* 34 Cal.2d 87, 91 [207 P.2d 47].)

 The fundamental legal question presented by the petition before us appears to be one of first impression in this state.[3] It is: Does the power of initiating municipal legislation reserved to the electors of the City of Whittier by article X, section 1003 of the city charter extend to the initiation of a proposed amendatory zoning ordinance under which oil drilling would be prohibited in that portion of the city zoned residential?

Section 1003 reads in pertinent part: "There are hereby reserved to the electors of the City the powers of the initiative and referendum. . . . . The provisions of the Elections Code of the State of California . . . governing the initiative and referendum . . . shall apply to the use thereof in the City so far as such provisions . . . are not in conflict with the provisions of this Charter." (Stats. 1955, ch. 3, p. 3684.)

Under article I, section 2 of the California Constitution, "All political power is inherent in the people" and under article IV, section 1 of the same document, "The legislative power of this state is vested in the California Legislature . . . , but the people reserve to themselves the powers of initiative and referendum." Pursuant to this constitutional reservation the legislative power within the City of Whittier is divided between the city council on the one hand and the electors on the other.[4] (See *Dwyer* v.

---

[3]In Ohio the municipal initiative power has been held to extend to zoning ordinances. (*State* v. *Hitt* (1951) 155 Ohio St. 529 [99 N.E.2d 659].) The contrary has been held in Missouri, Utah and Arizona. (See *City of Scottsdale* v. *Superior Court* (1968) 103 Ariz. 204 [439 P.2d 290], and the cases cited at p. 294.)

[4]Article II, section 200 of the charter reads in pertinent part:
"The City shall have the power to make . . . all laws and regulations in respect

*City Council,* 200 Cal. 505, 513 [253 P. 932]; *Spencer* v. *City of Alhambra,* 44 Cal.App.2d 75, 77 [111 P.2d 910]; *Lawing* v. *Faull,* 227 Cal.App. 2d 23, 26 [38 Cal.Rptr. 417]; cf. *In re Pfahler,* 150 Cal. 71, 84 [88 P. 270]; *Klosterman* v. *Marsh* (1966) 180 Neb. 506 [143 N.W.2d 744, 748].)

■ Subject only to constitutional limitations and preemptive state law, the Charter of the City of Whittier is the supreme law of the state with respect to its municipal affairs. (See Cal. Const., art. XI, § § 3, subd. (a), 5, subd. (a); *Harman* v. *City and County of San Francisco,* 7 Cal.3d 150, 161 [101 Cal.Rptr. 880, 496 P.2d 1248]; *City of Grass Valley* v. *Walkinshaw,* 34 Cal.2d 595, 598-599 [212 P.2d 894]; *Fletcher* v. *Porter,* 203 Cal.App.2d 313, 320-321 [21 Cal.Rptr. 452]; *Mefford* v. *City of Tulare,* 102 Cal.App.2d 919, 923 [228 P.2d 847].) ■ The initiative power extends to *all* municipal legislation. (*Hopping* v. *Council of City of Richmond,* 170 Cal. 605, 609-610 [150 P. 977]; *Dwyer* v. *City Council, supra,* 200 Cal. at p. 511; *Fletcher* v. *Porter, supra,* 203 Cal.App.2d at p. 321.) Included in such legislation are zoning ordinances which represent an exercise of the police power granted cities by California Constitution, article XI, section 7. (*Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 460 [202 P.2d 38, 7 A.L.R.2d 990]; *Dwyer* v. *City Council, supra,* 200 Cal. at pp. 511-512; *Johnston* v. *City of Claremont,* 49 Cal.2d 826, 834 [323 P.2d 71].)

■ The initiative power reserved to the people of a city by its charter must be liberally construed. (*Farley* v. *Healey,* 67 Cal.2d 325, 328 [62 Cal.Rptr. 26, 431 P.2d 650]; cf. *City of Grass Valley* v. *Walkinshaw, supra,* 34 Cal.2d at p. 599.) It is the duty of the courts to guard jealously this power of the people. (*Martin* v. *Smith,* 176 Cal.App.2d 115, 117 [1 Cal.Rptr. 307].)

■ In construing the charter power of initiative of the electors of the City of Whittier we note that the reservation of this power within the charter is not expressly limited in its coverage over municipal affairs in any manner at all. Accordingly, the following language from *Spencer* v. *City of Alhambra, supra,* 44 Cal.App.2d 75, 78, seems entirely appropriate: "When, therefore, the people phrased the foregoing sections pertaining to these powers in such broad, general and unambiguous language, the conclusion seems inevitable that thereby it was intended that legislation

---

to municipal affairs, subject only to such restrictions and limitations as may be provided in this Charter and in the Constitution of the State of California."

Section 405 reads: "All powers of the City shall be vested in the City Council except as otherwise provided in this Charter." (Stats. 1955, ch. 3, pp. 3663, 3665.)

The division of the legislative power between a city council and the electors of a city is recognized in the different wording of the enacting clauses of the ordinances originating with each. (See Gov. Code, § 36931; Elec. Code, § 4021.)

on every municipal subject should, unless expressly or by clear and necessary implication excluded by other sections, be subject to initiative action through the adoption of ordinances by the people."

We therefore hold that the amendatory zoning ordinance proposed by petitioners and others is within the initiative power reserved to the people of the City of Whittier by section 1003 of the city charter.

Respondent city council and respondent city clerk contend that this holding is contrary to those of *Hurst* v. *City of Burlingame,* 207 Cal. 134 [277 P. 308], and *Laguna Beach Taxpayers' Assn.* v. *City Council,* 187 Cal.App.2d 412 [9 Cal.Rptr. 775]. In making this contention respondents overlook the decisive fact that these cases involved general law cities while this case is concerned with a chartered city. In those cases it was held that zoning may not be done by initiative because the procedure leading to the enactment of an initiative ordinance is incompatible with that prescribed by statute for the enactment of zoning ordinances by a city council. (*Hurst* v. *City of Burlingame, supra,* 207 Cal. at p. 142; *Laguna Beach Taxpayers' Assn.* v. *City Council, supra,* 187 Cal.App.2d at p. 418.) But the manner of enacting municipal ordinances is a municipal affair and, as previously indicated, the charter of a chartered city, rather than state statutes, govern municipal affairs within such a city. (See *Brougher* v. *Board of Public Works,* 205 Cal. 426, 438-439 [271 P. 487].) Moreover, ordinarily, there can be no implied limitations upon chartered powers concerning municipal affairs. (*Adler* v. *City Council,* 184 Cal.App.2d 763, 776-777 [7 Cal.Rptr. 805].)[5]

 In holding that in a chartered city the mode of enactment of zoning ordinances by the initiative process does not have to conform to the notice and hearing requirements which obtain when such ordinances are enacted by a city council, we see no denial of constitutional procedural due process. Due process in law-making is not the same as due

---

[5]The holding of *Hurst* rests on the proposition that the mode is the measure of the power. We have no quarrel with this, but we question whether the mode prescribed for the enactment of a zoning ordinance by a city council should be applied to the initiative power of the people to enact such an ordinance. (See *Russell* v. *Linton* (1953) 67 Ohio L.Abs. 132 [52 Ohio Ops. 228, 115 N.E.2d 429, 431-432].)

It can be argued that the enactment in 1965 of Government Code section 65801 vitiated the foregoing rationale of both *Hurst* and *Laguna Beach.*

Finally, in view of the fact that the organic law of a city in California, namely its charter, may under our Constitution (art. XI, § 3, subds. (b), (c)) be proposed, revised, amended and repealed by initiative, it seems strange that a lesser law, namely a zoning ordinance, could not be amended by the exercise of this same power. (See Civ. Code, § 3536; cf. Cal. Zoning Practice (Cont.Ed.Bar 1969) §§ 4.1, 4.2, pp. 105-106.)

process in the adjudication of controversies. (See *Adler* v. *City Council, supra,* 184 Cal.App.2d at pp. 777-778; 1 Davis, Administrative Law Treatise (1958) § 7.01, pp. 407-408; *City of Louisville* v. *McDonald* (Ky. 1971) 470 S.W.2d 173, 177; *Cascio* v. *Town Council of Town of West Hartford* (1969) 158 Conn. 111 [256 A.2d 685, 686].) Generally speaking, a hearing on a legislative matter is held for the purpose of informing the law makers regarding relevant facts and policy considerations; it is not held for the protection of individual rights, property or otherwise. (See *Wilson* v. *Hidden Valley Mun. Water Dist.,* 256 Cal.App.2d 271, 279-281 [63 Cal.Rptr. 889].) ▮▮▮ Unless constitutionally compelled, the requirements for law-making by the legislative process should not be imposed upon law-making by the initiative process. All that the Charter of the City of Whittier requires with regard to the latter process is that it be done in accordance with the Elections Code to the extent the code does not conflict with the charter. The electoral process itself normally provides both notice and an opportunity to be heard to all electors, by written arguments (see Elec. Code, § 4017) and otherwise. In our view neither the United States Constitution nor the California Constitution requires more. (See *Bi-Metallic Co.* v. *Colorado* (1915) 239 U.S. 441, 445 [60 L.Ed. 372, 375, 36 S.Ct. 141]; contra, *City of Scottsdale* v. *Superior Court* (1968) 103 Ariz. 204 [439 P.2d 290, 294]; cf. *Sikes* v. *Pierce* (1956) 212 Ga. 567 [94 S.E.2d 427, 429].)

▮▮▮ There would seem to be no problem of substantive due process in regard to the proposed initiative ordinance. It does not seem unreasonable for a city to prohibit oil well drilling in residential areas. In any event, no one can say that the proposed ordinance is patently invalid or that a compelling showing has been made on this ground for judicial interference with the initiative process. (See *Gayle* v. *Hamm,* 25 Cal.App.3d 250, 254, 256, 257 [101 Cal.Rptr. 628].)

For the foregoing reasons the demurrer of respondents to the petition for a writ of mandate is overruled. The alternative writ is discharged. Let a peremptory writ of mandate issue requiring the City Clerk of the City of Whittier to accept the initiative petition of petitioners for filing, processing, and action thereon pursuant to Elections Code sections 4000 through 4023 and further requiring respondent city council to take no action with respect to said petition except pursuant to the aforesaid sections of the Elections Code.

Ford, P. J., and Allport, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 7, 1972. McComb, J., Peters, J., and Burke, J., were of the opinion that the petition should be granted.