[Civ. No. 2301. Fourth Appellate District.—December 7, 1938.]

LAURENCE BURDICK et al., Petitioners, v. THE CITY OF SAN DIEGO (a Municipal Corporation) et al., Respondents.

Harry C. Clark and Henry C. Gardiner for Petitioners.

Dayton L. Ault, City Attorney, and H. B. Daniel, Assistant City Attorney, for Respondents.

Sloane & Steiner, Thomas Whelan, Stearns, Luce, Forward & Swing, Albert J. Lee and Richmond Jackson, as *Amici Curiae,* on Behalf of Respondents.

MARKS, J.—This is an original proceeding seeking a writ of mandate to compel respondents to call an election in the City of San Diego at which to submit to the electors of that city resolution number 67868 which was passed and adopted by the city council on July 12, 1938, and against which a referendum petition was filed on July 26, 1938. That resolution pertained to the erection of a city jail, police headquarters and courtrooms on a designated site. (We will refer to this building as the police station.)

Respondents have demurred to and answered the petition. The answer puts in issue questions of fact. From the view we take of the case both the questions of law presented by the demurrer, and those of fact raised by the answer, need not be decided. We will, therefore, assume, without holding, that the petition is legally sufficient and will resolve all factual disputes in favor of petitioners. By so doing we can decide the material question in the case, namely, Is resolution number 67868 a legislative act? If it is not, then it is not subject to referendum and the petition before us must be denied. (Charter of San Diego, Stats. 1931, p. 2838, sec. 23, at p. 2858; *Hopping* v. *City of Richmond,* 170 Cal. 605 [150 Pac. 977].)

It seems to be settled in California that the selection and designation of a city hall site, and the steps incident to the determination that a city hall should be erected on the selected site, are legislative acts subject to ˙referendum. (*Hopping* v. *City of Richmond, supra; Jardine* v. *City of*

*Pasadena,* 199 Cal. 64 [248 Pac. 225, 48 A. L. R. 509].)
There is no reasonable distinction to be made between a
legislative enactment selecting a site and providing for the
erection of a city hall, and proceedings selecting a site and
providing for the erection of a police station. It is admitted,
however, that if these legislative functions of selecting the
site and providing for the erection of the police station had
been exercised by legislative enactments of the city council
of San Diego, other than resolution number 67868, against
which the referendum was directed, and if the resolution
was merely executive or administrative in character and was
only a procedural step in carrying out the municipal policy
established by prior legislative enactments, no referendum of
that resolution can be had (*Hopping* v. *City of Richmond,
supra; McKevitt* v. *City of Sacramento,* 55 Cal. App. 117
[203 Pac. 132].) We must, therefore, examine the legisla-
tive record of San Diego to determine this question.

On November 24, 1936, the city council of San Diego
adopted ordinance number 1024 (new series). That ordi-
nance designated, described, selected and accepted the site
upon which the police station would be located and erected.
It authorized and directed the city manager to erect and
maintain such building on the premises by the use of money
already appropriated and to be appropriated for that pur-
pose.

On June 8, 1937, the city council adopted an ordinance
appropriating $179,730 to be used in the erection of the police
station on the site in question.

On September 28, 1937, the city council adopted its resolu-
tion number 66577 which approved and accepted the plans
and specifications for the police station to be erected on the
site already designated.

On March 22, 1938, the city council adopted an ordinance
creating a special fund into which was transferred the money
already appropriated, together with additional money to be
used for the erection of the police station.

On April 5, 1938, the city council passed its resolution
number 67389 approving the amended plans and specifications
for the police station and directing the purchasing agent to
advertise for bids for its erection.

On June 28, 1938, the city council by resolution accepted a
grant of $166,500 from the Federal Emergency Administra-
tion of Public Works to be used in erecting the police station.

On July 5, 1938, an additional sum of $100,053.51 was appropriated for the purpose of erecting the police station.

There was no referendum attempted against any of the foregoing ordinances and resolutions. There were other resolutions concerning the same subject, two of them adopting the plans and specifications and directing advertisement for bids, which we need not particularize.

On July 12, 1938, the city council adopted the resolution in question here against which the referendum was directed. This resolution is as follows:

"RESOLUTION No. 67868

"Whereas, by Resolution No. 67621 of the Council of the City of San Diego, adopted May 24, 1938, the City Manager of said City was authorized and directed to submit such records, files, information or data as the United States of America, through the Federal Emergency Administration of Public Works might request in connection with the application of said City to the United States of America for a grant to aid in financing the construction of a Police Headquarters, City Jail and Court Rooms, together with facilities necessary and convenient in connection therewith; and

"WHEREAS, pursuant to said Resolution No. 67621 the contract documents, including the specifications, were prepared and submitted to the P. W. A. Regional Office in San Francisco; and

"WHEREAS, said contract documents, including specifications, as amended to meet the requirements of said P. W. A. Regional Office have been approved by the City Attorney's Office; NOW, THEREFORE,

"BE IT RESOLVED, By the Council of the City of San Diego, as follows:

"That the said contract documents, including the specifications, for the construction of a Police Headquarters, City Jail and Court Rooms, together with facilities necessary and convenient in connection therewith, as approved by the P. W. A. Regional Office at San Francisco, be, and the same are hereby approved,

"BE IT FURTHER RESOLVED, that the Purchasing Agent of said City be, and he is hereby authorized and directed to proceed to publish in accordance with the law notice to contractors calling for bids for the construction of a Police Headquarters, City Jail and Court Rooms, together with

facilities necessary and convenient in connection therewith, for the City of San Diego, California, on lands at the foot of Market Street particularly described in Ordinance No. 1024 (New Series) of the Ordinances of said City, adopted by the Council November 24, 1936; all in accordance with the contract documents, including the specifications, plans and drawings hereinabove referred to.

"BE IT FURTHER RESOLVED, that Resolution No. 67389, passed and adopted by this Council on the 5th day of April, 1938, be and the same is hereby rescinded."

█ The plans mentioned in this resolution were the identical plans which had been formerly approved. They were not changed in any particular. The specifications were amended in one particular to conform to the requirements of the Public Works Administration which required that the contract for the electrical fixtures and engine equipment be let in a separate contract and not included in the general contract as had been planned. The only change in the form of the contract was to eliminate reference to the Public Works Administration under new regulations recently adopted by that agency.

Prior to the passage of resolution number 67868, the site for the police station had been designated and accepted. The city council had decided to erect the structure on that site. Money for the work had been appropriated and was available. The plans for the building had been approved and remained unchanged. The specifications and form of the contract had been approved. The three earlier acts were legislative in character and fixed the policy of the City of San Diego to erect the police station on the designated site. There had been no referendum against any of them. Resolution number 67868 did not pretend to change or modify that policy. It was made necessary by the two changes, one in the specifications and the other in the form of the contract, required by the Public Works Administration. These were minor and unimportant changes and did not affect the declared policy of the city to erect the police station on the designated site. Resolution number 67868 was only a procedural step in carrying out the established policy of the City of San Diego. It was not legislative in character and did not establish any policy for the City of San Diego. (*Brazell* v. *Zeigler*, 26 Okl. 826 [110 Pac. 1052].) It follows that as the resolution in

question here was not legislative in character it was not subject to referendum. (*Hopping* v. *City of Richmond, supra; McKevitt* v. *City of Sacramento, supra.*)

As we have decided the cause on its merits we need give no consideration to the demurrer.

The demurrer is overruled. The peremptory writ of mandate is denied and the alternative writ is discharged.

Barnard, P. J., concurred.

Mr. Justice Griffin, being disqualified, did not participate herein.