[Civ. No. 39665. First Dist., Div. Three. Nov. 10, 1976.]

CITIZENS AGAINST A NEW JAIL et al., Petitioners, v.
BOARD OF SUPERVISORS OF SANTA CRUZ
COUNTY et al., Respondents.

**560**

---

**COUNSEL**

Mitchell Page for Petitioners.

Clair A. Carlson, County Counsel, for Respondents.

OPINION

**DRAPER, P. J.**—Respondent board has refused to submit an initiative petition to vote of the people on the ground that the subject-matter is beyond the scope of the initiative process. The proposed initiative would require renovation of the present Santa Cruz County jail, rather than construction of a new jail. Petitions were filed with the county clerk who certified the signatures of the required number of electors. This certification was filed with the board of supervisors July 13, 1976. Thereafter, apparently on August 10, the board, on advice of the county counsel, refused to place the issue on the ballot for the next general election and has refused to adopt the proposed ordinance.

■ Statute (Elec. Code, § 3711) requires that upon the filing of such an initiative petition so signed, the board may adopt the proposed ordinance without change or, if it does not, "the ordinance, without alteration, shall be submitted by the board to the voters at the next general election." This duty to submit the issue is mandatory and ministerial (see *Blotter* v. *Farrell,* 42 Cal.2d 804, 812-813 [270 P.2d 481] [statute governing city councils]; 19 Ops.Cal.Atty.Gen. 94). Like the county clerk's duty of ascertaining procedural compliance, it must be performed unless "directed to do otherwise by a court on a compelling showing that a proper case has been established for interfering with the initiative power." (*Farley* v. *Healey,* 67 Cal.2d 325, 327 [62 Cal.Rptr. 26, 431 P.2d 650]; *McFadden* v. *Jordan,* 32 Cal.2d 330, 332 [196 P.2d 787]; *Gayle* v. *Hamm,* 25 Cal.App.3d 250, 255 [101 Cal.Rptr. 628]). ■ We therefore consider the claim that the proposed initiative would be invalid if enacted by the voters.

"The right of initiative is precious to the people and is one which the courts are zealous to preserve to the fullest tenable measure of spirit as well as letter." (*McFadden* v. *Jordan, supra,* 32 Cal.2d 330, 332.) A court will deny submission of an initiative measure to the voters only "on a compelling showing that a proper case has been established for interfering . . . ." (*Farley* v. *Healey, supra,* p. 327.)

Respondent supervisors rely principally upon two decisions holding that the location of county facilities for superior and municipal courts cannot be fixed by initiative (*Simpson* v. *Hite,* 36 Cal.2d 125 [222 P.2d 225]; *Mueller* v. *Brown,* 221 Cal.App.2d 319 [34 Cal.Rptr. 474]). But those decisions turn upon state legislation (*Simpson, supra,* at pp. 129-130)

imposing upon the several counties the duty to provide "suitable quarters" for those courts. This legislative decision having been made by the state Legislature, the function of the supervisors, including site selection, was but to execute the policy. That function is administrative and not legislative. Thus the initiative power, which extends only to legislative acts, had no application to the site selection or details of construction.

The proposed initiative now before us, however, does not deal with quarters for the courts. It concerns only a jail. Respondents concede that no statute of this state requires the county to provide a jail. Thus the establishment of such a facility, and necessarily the issues of its nature and site, are matters of legislative decision. It has long been established that the location and nature of municipal buildings generally is a legislative matter (e.g., *Hopping* v. *Council of City of Richmond*, 170 Cal. 605 [150 P. 977]; *Hill* v. *Board of Supervisors*, 176 Cal. 84 [167 P. 514] [overruled on other grounds in *Simpson* v. *Hite, supra*, at pp. 132-133]; see *Burdick* v. *City of San Diego*, 29 Cal.App.2d 565 [84 P.2d 1064]) and is subject to the initiative and referendum power.

Respondents point to an order of the United States District Court finding the present jail to be substandard. But that order in no way restricts county choice between renovation and new construction. They also point to their contract for construction of a security facility on the second floor of the existing jail. This, however, is consistent with the direction of the proposed ordinance requiring renovation of the existing jail rather than a new one.

Respondents also urge invalidity of section 3 of the proposed ordinance. It reads: "Any decisions . . . to build a new . . . jail, made by the . . . Board . . . prior to the adoption of this ordinance, are hereby nullified . . . ." They argue that this amounts to a late referendum petition. We recognize that a belated referendum petition is not justified by disguising it as an initiative. (See *Burdick* v. *City of San Diego, supra.*) But respondents point to no ordinance or resolution adopted by them, before the initiative petition was filed, which amounts to a legislative declaration that a new jail be constructed. The questioned section obviously is intended only to meet post-petition efforts by the supervisors to bolster opposition.

Since their initial opposition to this writ, respondents have filed several requests that we take judicial notice of a large volume of material, including such items as recommendations and cost estimates of architects and county officials. All have been lodged, with determination reserved until filing of this opinion. We have examined the many documents offered, and conclude that they but present data material to the ultimate decision by the voters. The several requests that we take judicial notice are denied.

Under our system, government is by the people. ■ Through the initiative and referendum provisions of our Constitution and statutes, the people of California have reserved to themselves the ultimate legislative power. Neither an elected board nor a court has the power to limit that reserved right. The system has worked well over the years, and whatever its defects in "efficiency" it has counterbalancing advantages which strongly support it. Whatever our view as to factors of cost and practicality, the decision must be left to the voter-taxpayers, to whom we must and do commit it.

Let peremptory writ of mandate issue, requiring respondent supervisors to proceed as required by law and in conformity with this opinion.

Scott, J., and Emerson, J.,* concurred.

A petition for a rehearing was denied December 10, 1976, and respondents' petition for a hearing by the Supreme Court was denied January 5, 1977.

---

*Retired Judge of the superior court, sitting under assignment by the Chairman of the Judicial Council.