[No. G033198. Fourth Dist., Div. Three. June 30, 2004.]

NATIVE AMERICAN SACRED SITE AND ENVIRONMENTAL
PROTECTION ASSOCIATION et al., Plaintiffs and Appellants, v.
CITY OF SAN JUAN CAPISTRANO et al., Defendants and Respondents;
PUEBLO SERRA, LLC, Real Party in Interest and Respondent.

## Counsel

Brandt-Hawley Law Group, Susan Brandt-Hawley and Paige J. Swartley for Plaintiffs and Appellants.

Woodruff, Spradlin & Smart, John R. Shaw and Jason S. Retterer for Defendants and Respondents.

Rutan & Tucker, Robert S. Bower and John A. Ramirez for Real Party in Interest and Respondent.

## Opinion

**RYLAARSDAM, Acting P. J.**—Plaintiffs Native American Sacred Site and Environmental Protection Association (NASSEPA), Fran Yorba, and Damien Shilo appeal from a judgment entered after the court sustained without leave to amend the demurrers of defendants City of San Juan Capistrano and City of San Juan City Council and of real party in interest Pueblo Serra, LLC (Pueblo) to plaintiffs' petition for writ of mandate. The issue is whether defendants properly adopted a voter-sponsored initiative in compliance with Elections Code section 9214. We agree with the trial court that they did and affirm the judgment.

## FACTS

Preliminarily, we note that all parties refer to what Pueblo describes as "the four-volume Record of Proceedings submitted by [plaintiffs]." In their appendix, plaintiffs included one page noting the record of proceedings was omitted but "will be transferred from [the trial court]." However, these documents were never designated nor were they provided to us. We will rely on statements in the briefs to the extent they contain information about which all parties agree. (See *Davenport v. Blue Cross of California* (1997) 52

Cal.App.4th 435, 444, fn. 4 [60 Cal.Rptr.2d 641].) Otherwise, we will not consider any material in the record of proceedings.

This appeal involves an initiative to amend the general plan of defendant City and rezone two pieces of real property at the northeast and southeast corners of Junipero Serra Road and Camino Capistrano. Pueblo wishes to use the property for the development and operation of Junipero Serra High School, a private Catholic high school. The smaller, nine-acre parcel originally was developed with an office complex; it has been remodeled to serve as the high school which has begun operating. The 29-acre parcel is currently undeveloped. It is proposed to be used for the school's recreational facilities and ancillary school activities.

The two parcels were originally designated in the general plan as office research and planned community, respectively. After acquiring the property, the larger piece by virtue of a lease, Pueblo circulated a petition to qualify an initiative to amend the general plan and rezone the property to facilitate construction and operation of a public or private school for up to 3,000 students. The initiative sought to amend the general plan to change the designation of the sites to "Public and Institutional" and the zoning to "Public Institutional."

In September 2002, the Orange County Registrar of Voters certified the petition contained signatures of more than 15 percent of the city's registered voters and thus qualified for either placement on the ballot or adoption by defendants. The initiative was presented to defendants in October. Defendants negotiated an implementation agreement with Pueblo to mitigate certain conditions. On October 15, defendants passed an ordinance adopting the initiative and the implementation agreement.

Plaintiffs then filed their first petition for writ of mandate in the superior court, challenging adoption of the initiative. Plaintiffs are comprised of an unincorporated association formed by the Acjachemen Nation of Native Americans and two members of that tribe. They alleged in the petition that the 29-acre parcel housed "the ancient village of Putiidhem . . . , a Native American burial ground and cemetery in recent times and the mother village for the Juaneño Band of Mission Indians . . . ." They also claimed that defendants could not adopt the initiative without completing a CEQA review.

The trial court granted the petition, ruling that defendants did not have the right to adopt the initiative in conjunction with the implementation agreement; the Elections Code allowed defendants to adopt the initiative only "without alteration," and the implementation agreement was an impermissible alteration. It ordered defendants to set aside the initiative and agreement. An appeal was filed (G032310) but dismissed prior to decision.

At a city council meeting in May 2003, defendants set aside the ordinance that had passed the initiative and agreement. At the same meeting, defendants also passed a new ordinance adopting the initiative exactly as presented in the petition, without including the implementation agreement.

Plaintiffs then filed the petition for writ of mandate which is the subject of this appeal, seeking again to set aside the ordinance adopting the initiative. Defendants and Pueblo filed demurrers, which the court sustained without leave to amend.

## DISCUSSION

Plaintiffs seek to void defendants' readoption of the initiative, claiming they could not do so without complying with CEQA. We disagree.

Public Resources Code section 21080, subdivision (b)(1) states that "[m]inisterial projects proposed to be carried out or approved by public agencies" are not subject to CEQA. Elections Code section 9214 (section 9214) provides that if at least 15 percent of a city's registered voters sign an initiative petition that requests the initiative be submitted to a vote at a special election, the city "shall do one of the following: [¶] (a) Adopt the ordinance, without alteration, at the regular meeting at which the certification of the petition is presented, or within 10 days after it is presented. [¶] (b) Immediately order a special election . . . at which the ordinance, without alteration, shall be submitted to a vote of the voters of the city. [¶] (c) Order a report . . . [and w]hen the report is presented to the legislative body, . . . either adopt the ordinance within 10 days or order an election pursuant to subdivision (b)."

Without citing to any authority, plaintiffs contend that the only way defendants could have adopted the initiative as a ministerial act is if it did so within the 10-day period set out in section 9214, subdivision (a). Since it was passed the second time several months after it was first submitted to defendants, they continue, adopting the initiative ceased to be a ministerial act and thus was subject to CEQA requirements. Plaintiffs' reasoning is flawed.

Voter action by initiative is so fundamental that it is described "not as a right granted the people, but as a power reserved by them." (*Associated Home Builders etc., Inc. v. City of Livermore* (1986) 18 Cal.3d 582, 591 [135 Cal.Rptr. 41, 557 P.2d 473], fn. omitted.) "Declaring it 'the duty of the courts to jealously guard this right of the people' [citation], the courts have described the initiative and referendum as articulating 'one of the most precious rights of our democratic process' [Citation]." (*Ibid.*) Thus,

courts are required to liberally construe this power (*ibid.*) and accord it "extraordinarily broad deference." (*Pala Band of Mission Indians v. Board of Supervisors* (1997) 54 Cal.App.4th 565, 573–574 [63 Cal.Rptr.2d 148].)

■ The California Constitution provides that the voters in a city may exercise initiative powers "under procedures that the Legislature shall provide." (Cal. Const., art II, § 11, subd. (a).) Section 9214 is part of the statutory scheme set out by the Legislature. (*Associated Home Builders etc., Inc. v. City of Livermore, supra,* 18 Cal.3d at pp. 591–592 [discussing former Elec. Code § 4000 et seq., now renumbered § 9200 et seq.].)

■ A city's duty to adopt a qualified voter-sponsored initiative, or place it on the ballot, is ministerial and mandatory. (E.g., *Blotter v. Farrell* (1954) 42 Cal.2d 804, 812 [270 P.2d 481]; *Citizens for Responsible Behavior v. Superior Court* (1991) 1 Cal.App.4th 1013, 1021 & fn. 4 [2 Cal.Rptr.2d 648], see also *Citizens Against a New Jail v. Board of Supervisors* (1976) 63 Cal.App.3d 559, 561 [134 Cal.Rptr. 36] [applying parallel statute governing board of supervisors].) This duty remains, even where performance is beyond the statutory time frame.

In *Goodenough v. Superior Court* (1971) 18 Cal.App.3d 692 [96 Cal.Rptr. 165], the city failed to call a special election to place a voter-sponsored initiative on the ballot. The Court of Appeal issued a writ of mandate to compel the superior court to order the city to set the election. (*Id.* at p. 697.) In so doing, it stated that the city "had a clear legal duty to call a special election within [the time set by statute]." (*Id.* at p. 696.) It held that failure to comply with the time period, what it described as a "procedural detail[,] will not be permitted to defeat the clear purpose of the statute to bring initiative measures to an early vote." (*Id.* at pp. 696–697.)

Similarly, in *Truman v. Royer* (1961) 189 Cal.App.2d 240 [11 Cal.Rptr. 159], the court held that the ministerial act of correcting the certification of a referendum petition after the statutory 10-day period was "deemed to relate back to the date of the original [timely] certificate. [Citation.] Therefore, time lapse between the two certifications is not fatal." (*Id.* at pp. 243, 244.) Likewise, here, passage of the ordinance sans the implementation agreement corrected the original erroneous adoption of the altered initiative.

■ Moreover, even where the timing of the ministerial action was not directly at issue, courts have ordered implementation of the initiative process beyond the statutory time period. (E.g., *Duran v. Cassidy* (1972) 28 Cal.App.3d 574, 587–588 [104 Cal.Rptr. 793] [eight months after refusal, city clerk ordered to accept initiative petition to count signatures and certify to council if sufficient]; see also *Yost v. Thomas* (1984) 36 Cal.3d 561, 565, 574

[205 Cal.Rptr. 801, 685 P.2d 1152] [rezoning referendum ordered placed on ballot more than three years after initial council actions].)

Here, after the writ of mandate was issued and defendants voided adoption of the first ordinance that had passed the initiative and the implementation agreement, defendants again were faced with acting on the initiative. Other than the passage of more than 10 days, nothing had changed since the time the initiative petition was first certified and presented to defendants. Under plaintiffs' analysis, however, this lapse of time acted to invalidate defendants' power to adopt the voter-sponsored initiative. Considering the intent of the section and the broader statutory and constitutional scheme of which it is a part, that is an absurd result we cannot countenance. (*Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968, 976 [11 Cal.Rptr.3d 45].) Rather, the only reasonable explanation for a 10-day period in which to adopt a voter-sponsored initiative is a speedy effectuation of the will of the people.

Nor have plaintiffs provided any authority to show that failure to adopt the ordinance within 10 days transmutes defendants' ministerial duty to a discretionary power. The only way defendants' mandatory and ministerial duty to adopt the ordinance (or place it on the ballot) may be annulled is if there has been " 'a compelling showing that a proper case has been established for interfering with the initiative power.' [Citations.]" (*Citizens Against a New Jail v. Board of Supervisors, supra,* 63 Cal.App.3d at p. 561.) Plaintiffs have made no such showing here.

Plaintiffs attempt to distinguish the cases cited above that ordered implementation of initiatives, asserting the requested relief "was to require that a ballot measure go forward" (italics omitted) as opposed to the present case in which they seek to prevent legislative action, but that distinction is meaningless. In both cases, a city's duty is still mandatory and ministerial; a court order is not required to make it so.

Phrasing the argument in a different way, plaintiffs assert the cases do not control because defendants did not "violate" the Elections Code, but failed to follow the requirements regarding adoption of initiatives. Thus, plaintiffs claim, the ordinance was not exempt from CEQA. Plaintiffs assert the "distinction is subtle but critical." But it is neither; it is not even a distinction.

In their brief, plaintiffs suggest there are reasonable alternatives to defendants' readoption of the initiative, claiming the "choices are simple." Defendants may "consider discretionary adoption of [the initiative]" after first complying with CEQA, or Pueblo may again collect the requisite number of signatures and present a newly qualified initiative to defendants. But regardless of simplicity, these options do not satisfy the policy underlying the

"people's right to exercise the power[] of initiative . . . . [Citation.]" (*Pala Band of Mission Indians v. Board of Supervisors, supra,* 54 Cal.App.4th at p. 574.)

Likewise, we are not persuaded by plaintiffs' related claim that their "appeal has nothing to do with the rights of the voters . . . ." It has everything to do with those rights. More than 15 percent of the city's voters signed the initiative petition. They, on behalf of themselves and of the entire city population, are entitled to have their decision implemented under section 9214, which manifests the power of initiative reserved to the people under the Constitution.

At oral argument, plaintiffs took a different approach, contending defendants still maintain the power to act under section 9214, subdivision (b) to "[i]mmediately order a special election at which the ordinance, without alteration, shall be submitted to a vote of the voters . . . ." We agree that power remains, but not to the exclusion of defendants' authority to adopt the initiative. Although subdivision (b) does not require an election to be called with the 10-day period set out in subdivision (a), nonetheless it does mandate that it be called "immediately." After the lapse of time here, we fail to see, and plaintiffs are unable to explain, how defendants could literally comply with setting an election *immediately* any more than they could adopt the initiative within 10 days of its certification. Defendants are not foreclosed from either option, but they are not compelled to put the measure on the ballot.

Plaintiffs valiantly but futilely attempt to recast this case so that CEQA takes priority, arguing the "Elections Code protections [are] not here at issue" and that primary importance should be placed on "protect[ing] the environment of the state." But plaintiffs acknowledge that a "validly qualified voter-sponsored initiative is . . . exempt from CEQA as a ministerial act . . . [as long as] the material procedures of the Elections Code first [are] followed." (Italics omitted.) They have been here. And it is plain that voter-sponsored initiatives are not subject to the procedural requirements that might be imposed on statutes or ordinances proposed and adopted by a legislative body, regardless of the substantive law that might be involved. (E.g., *Associated Home Builders etc., Inc. v. City of Livermore, supra,* 18 Cal.3d at p. 596, *Duran v. Cassidy, supra,* 28 Cal.App.3d at pp. 585–586; *Bayless v. Limber* (1972) 26 Cal.App.3d 463, 470 [102 Cal.Rptr. 647].)

Furthermore, attempts to amend the Elections Code to subject voter-sponsored initiatives to CEQA control have failed. (*DeVita v. County of Napa* (1995) 9 Cal.4th 763, 794 [38 Cal.Rptr.2d 699, 889 P.2d 1019].) "While only limited inferences can be drawn from bills that the Legislature failed to enact

[citation], the defeat of attempts to impose more stringent environmental review requirements on land use initiatives provides additional corroboration that the Legislature did not intend such requirements to obstruct the exercise of the right to amend general plans by initiative." (*Id.* at p. 795.) As stated in *Northwood Homes, Inc. v. Town of Moraga* (1989) 216 Cal.App.3d 1197 [265 Cal.Rptr. 363], "When the electorate undertakes to exercise the reserved legislative power, the city has no discretion and acts as the agent for the electorate. In such event, the enactment of the initiative measure is excluded from CEQA compliance. [Citation.]" (*Id.* at p. 1206.)

Finally, we give no weight to plaintiffs' throwaway claim that if defendants are claiming the first action stayed the 10-day period, they should have acted more quickly to readopt the initiative. The time period between the judgment invalidating the first ordinance and defendants' adoption of the second ordinance was only 21 days and was done at defendants' "first available meeting" after the ruling in the original writ proceeding. Nor does the fact that Pueblo requested defendants to readopt the initiative have any legal significance. Any of the voters who signed the petition could have sought a writ of mandate to force defendants to adopt it. (See *Goodenough v. Superior Court, supra,* 18 Cal.App.3d at p. 695.)

## DISPOSITION

The judgment is affirmed. Respondents are awarded costs on appeal.

O'Leary, J., and Fybel, J., concurred.