Filed 3/25/19; On remand from Supreme Court

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| CATHERINE A. BOLING et al., | D069626 |
| Petitioners, | (PERB Dec. No. 2464-M) |
| v. | |
| PUBLIC EMPLOYMENT RELATIONS BOARD, | |
| Respondent; | |
| CITY OF SAN DIEGO et al., | |
| Real Parties in Interest. | |
| CITY OF SAN DIEGO, | D069630 |
| Petitioner, | (PERB Dec. No. 2464-M) |
| v. | |
| PUBLIC EMPLOYMENT RELATIONS BOARD, | |
| Respondent; | |
| SAN DIEGO MUNICIPAL EMPLOYEES ASSOCIATION et al., | |
| Real Parties in Interest. | |

PETITION FOR EXTRAORDINARY RELIEF from a decision of the Public Employment Relations Board.  Decision affirmed as modified.

Lounsbery Ferguson Altona & Peak, Kenneth H. Lounsbery, James P. Lough and Alena Shamos for Petitioners Catherine A. Boling, T.J. Zane, and Stephen B. Williams in No. D069626 and No. D069630.

Mara W. Elliot, City Attorney, and Michael Travis Phelps, Chief Deputy City Attorney, for Petitioner and Real Party in Interest City of San Diego in No. D069630 and No. D069626.

J. Felix de la Torre, Wendi L. Ross and Joseph W. Eckhart for Respondent Public Employment Relations Board in No. D069626 and No. D069630.

Smith, Steiner, Vanderpool and Ann M. Smith for Real Party in Interest San Diego Municipal Employees Association in No. D069626 and No. D069630.

Smith, Steiner, Vanderpool and Fern M. Steiner for Real Party in Interest San Diego City Firefighters Local 145 in No. D069626 and No. D069630.

Rothner, Segall and Greenstone, Ellen Greenstone and Hannah Weinstein for Real Party in Interest AFCSME Local 127 in No. D069626 and No. D069630.

Law Offices of James J. Cunningham and James J. Cunningham for Real Party in Interest Deputy City Attorneys Association of San Diego in No. D069626 and No. D069630.

I

INTRODUCTION

This case arises from a decision by the Public Employment Relations Board (PERB) finding that the City of San Diego (City) violated the Meyers-Milias-Brown Act (Gov. Code, § 3500 et seq.; Act)[1] when the City's mayor made a policy decision to advance a citizens' pension reform initiative (Initiative) without meeting and conferring with the affected employees' unions (Unions).  The California Supreme Court upheld PERB's finding that the mayor's actions violated the City's meet and confer obligations. (*Boling v. Public Employment Relations Bd.* (2018) 5 Cal.5th 898, 913, 919 (*Boling*).) The Supreme Court then remanded the matter to this court to "address the appropriate judicial remedy for the violation." (*Id.* at p. 920.)  We also consider previously unaddressed challenges to PERB's administrative remedies.

As we shall explain, we decline the Unions' request to invalidate the Initiative as a judicial remedy because we conclude the Initiative's validity is more appropriately addressed in a separate quo warranto proceeding.  We further conclude we must modify PERB's compensatory and cease-and-desist remedies to prevent the remedies from impermissibly encroaching upon constitutional law, statutory law, and policy matters involving initiatives, elections, and the doctrine of preemption that are unrelated to the Act.  (See *Hoffman Plastic Compounds, Inc. v. NLRB* (2002) 535 U.S. 137, 144, 147 [122

---

[1]     Further statutory references are to the Government Code unless otherwise indicated.

3

S.Ct. 1275, 152 L.Ed.2d 271] (*Hoffman Plastic*) [a labor relations board's administrative remedies may not encroach upon statutes and policies unrelated to the board's enabling act].)[2]

Specifically, we modify PERB's compensatory remedy to order the City to meet and confer over the effects of the Initiative and to pay the affected current and former employees represented by the Unions the difference, plus seven percent annual interest, between the compensation, including retirement benefits, the employees would have received before the Initiative became effective and the compensation the employees received after the Initiative became effective. The City's obligation to comply with the compensatory remedy extends until completion of the bargaining process, including the exhaustion of impasse procedures, if an impasse occurs. We modify PERB's cease-and-desist remedy to order the City to cease and desist from refusing to meet and confer with the Unions and, instead, to meet and confer with the Unions upon the Unions' request before placing a charter amendment on the ballot that is advanced by the City and affects employee pension benefits and/or other negotiable subjects. As so modified, we affirm PERB's decision.

---

[2]    In interpreting the Act, courts may look to cases decided under analogous provisions of the federal National Labor Relations Act (29 U.S.C. § 151 et seq.) and of other California labor relations statutes. (See *County of Los Angeles v. Los Angeles County Employee Relations Com.* (2013) 56 Cal.4th 905, 919; *Fire Fighters Union v. City of Vallejo* (1974) 12 Cal.3d 608, 617; *City of El Cajon v. El Cajon Police Officers' Assn.* (1996) 49 Cal.App.4th 64, 72, fn. 3; *Agric. Labor Relations Bd. v. Tex-Cal Land Management* (1985) 165 Cal.App.3d 429, 438; *Public Employment Relations Bd. v. Modesto City Schools Dist.* (1982) 136 Cal.App.3d 881, 895–896.)

4

II

BACKGROUND[3]

A

After concluding the City violated the Act, PERB imposed a compensatory remedy intended to restore the parties and affected employees to their respective bargaining positions before the failure to meet and confer occurred and to make affected employees financially whole. PERB also imposed cease-and-desist and affirmative action remedies to prevent further violations of the Act.

Specifically, PERB ordered the City to "[m]ake current and former bargaining-union employees whole for the value of any and all lost compensation, including but not limited to pension benefits, offset by the value of new benefits required from the City under [the Initiative], plus interest at the rate of seven (7) percent per annum until [the Initiative] is no longer in effect or until the City and the Unions agree otherwise."[4] We refer to this remedy as PERB's compensatory remedy or the compensatory remedy.

PERB also ordered the City to cease and desist from "[r]efusing to meet and confer with the Unions before adopting ballot measures affecting employee pension benefits and other negotiable subjects." PERB additionally ordered the City "[u]pon

_____

3    The facts underlying PERB's decision and the Supreme Court's decision are presented at length in *Boling*, *supra*, 5 Cal.5th at pp. 904–911. We limit our summation to those facts necessary to resolve the issues remaining on remand.

4    PERB's remedies specifically applied to "the City, its governing board and its representatives." Our reference to the City in our discussion of PERB's remedies includes all these parties.

5

request, [to] meet and confer with the Unions before adopting ballot measures affecting employee pension benefits and/or other negotiable subjects."  We collectively refer to these remedies as PERB's cease-and-desist remedy or the cease-and-desist remedy.

B

PERB and the Unions request we affirm PERB's administrative remedies.  The Unions also request we, as a judicial remedy, invalidate the Initiative.  The Unions assert this review proceeding is an appropriate forum to address the Initiative's validity because there are no factual or legal issues to be resolved by another tribunal.  PERB takes no position on the propriety of any judicial remedy but asserts any judicial remedy must be consistent with PERB's administrative remedies.

The City contends the validity of the Initiative may only be determined in a separate quo warranto proceeding (see Code Civ. Proc., §§ 803–811).[5]  The City also contends PERB's cease-and-desist remedy is unconstitutionally vague and overbroad to

---

[5]      "*Quo warranto* may be brought by the Attorney General 'upon his own information, or upon a complaint of a private party.' [Citation.]  ...  'Although the Attorney General occasionally brings a *quo warranto* action on the initiative of that office, or at the direction of the Governor, usually the action is filed and prosecuted by a private party who has obtained the consent of the Attorney General, for "leave to sue in *quo warranto*."  The private party who obtains leave to sue is termed the "relator." The action is brought in the name of the People of the State of California "on the relation of" the private party who has been granted permission to bring the action.' [Citations.]" (*Nicolopulos v. City of Lawndale* (2001) 91 Cal.App.4th 1221, 1228–1229.)
     The Attorney General has the discretion to grant or deny an application to file a quo warranto action.  In determining how to exercise this discretion, the Attorney General does not attempt to resolve the merits of the controversy.  Rather, the Attorney General determines whether the application presents a substantial issue of fact or law requiring judicial resolution and whether granting the application serves the public interest. (*Bakersfield Police Officers Association*, 95 Ops.Cal.Atty.Gen. 31, 32 (2012).)

the extent the remedy can be interpreted to require that the City meet and confer over a duly certified citizens' initiative prior to placing the initiative on the ballot. The City further contends, to the extent PERB has directed the City to take actions effectively nullifying the effects of the Initiative, the City cannot fully comply with these directions unless the Initiative is invalidated in a quo warranto proceeding because the City has a duty to enforce the Initiative's provisions.

Like the City, the Initiative's proponents (Proponents) contend the validity of the Initiative can only be determined in a separate quo warranto proceeding. The Proponents also contend PERB's compensatory remedy violates their constitutional rights because it effectively invalidates the Initiative by reversing the Initiative's implementation and denying the electorate its fiscal benefits. The Proponents additionally contend PERB's cease-and-desist remedy violates the rights of citizens' initiative proponents because the City has no discretion to meet and confer over the terms of a citizens' initiative.

III

DISCUSSION

A

We first consider the Union's request for us to invalidate the Initiative in this review proceeding. Equitable remedies, including declaratory relief, are generally not available when legal remedies, including quo warranto, are adequate. (*Int'l Ass'n of Fire Fighters v. City of Oakland* (1985) 174 Cal.App.3d 687, 693–694 (*Fire Fighters*).) Consequently, when the remedy of quo warranto is available, the remedy is exclusive absent contrary constitutional or statutory authority. (*Cooper v. Leslie Salt Co.* (1969) 70

7

Cal.2d 627, 632–633; *San Ysidro Irrigation Dist. v. Superior Court of San Diego County* (1961) 56 Cal.2d 708, 714–715; *Fire Fighters*, at p. 694; *Oakland Municipal Improv. League v. City of Oakland* (1972) 23 Cal.App.3d 165, 169 (*Oakland*).)

The remedy of quo warranto is available to challenge "purported irregularities in the legislative process of a charter amendment which has taken effect." (*Pulskamp v. Martinez* (1992) 2 Cal.App.4th 854, 859, citing *County of Santa Clara v. Hayes Co.* (1954) 43 Cal.2d 615, 618; *Taylor v. Cole* (1927) 201 Cal. 327, 333; *Oakland*, *supra*, 23 Cal.App.3d at p. 169.) Because the voters adopted the Initiative and the Initiative has taken effect, the Initiative's procedural regularity may only be challenged in a quo warranto proceeding. (*City of Palo Alto v. Public Employment Relations Bd.* (2016) 5 Cal.App.5th 1271, 1301 (*City of Palo Alto*); *Fire Fighters*, *supra*, 174 Cal.App.3d at p. 694.)

There is some authority allowing a court in a mandamus proceeding to decide a quo warranto issue (i.e., title to public office), when the quo warranto issue is incidental to the mandamus issue. (See, e.g., *Stout v. Democratic County Cent. Committee* (1952) 40 Cal.2d 91, 93–94.) However, in such circumstance, the court's inquiry into and determination of the quo warranto issue may not extend any further than necessary to resolve the mandamus issue. (*Morton v. Broderick* (1897) 118 Cal. 474, 481 ["[W]hen the writ [of mandate] is invoked to enforce a specific duty, and remedies at law are not adequate, aid will not be refused merely because occupancy or incumbency or title is incidentally involved. It will act under such circumstances as does equity, and inquire into and determine rights so far as, but no further than, may be necessary to the granting

8

of the relief sought."]; 43 Cal.Jur.3d (2018) Mandamus and Prohibition, § 20.)

Assuming, without deciding, this authority applies by analogy to this review proceeding, the Unions have not argued we should apply it. They also have not established it is *necessary* for us to decide the validity of the Initiative now. Instead, there are compelling reasons why the decision should wait for resolution in a separate quo warranto proceeding.

The question of the Initiative's validity is a novel one. The determination of compensation for employees of charter cities is a matter of local rather than statewide concern. (Cal. Const. art. 11, § 5, subd. (b); *County of Riverside v. Superior Court* (2003) 30 Cal.4th 278, 288–289; *Sonoma County Org. of Public Employees v. County of Sonoma* (1979) 23 Cal.3d 296, 316–317.) Local employee compensation decisions are presumptively subject to initiative absent a clear showing of a contrary Legislative intent. (*Voters for Responsible Retirement v. Board of Supervisors* (1994) 8 Cal.4th 765, 777 (*Voters*).) "[P]rocedural requirements imposed on the Legislature or local governments are presumed not to apply to the initiative power absent evidence that such was the intended purpose of the requirements. [Citations.]" (*California Cannabis Coalition v. City of Upland* (2017) 3 Cal.5th 924, 942, italics omitted; accord, *Friends of Sierra Madre v. City of Sierra Madre* (2001) 25 Cal.4th 165, 189 [imposing statutory prerequisites on voter-sponsored initiatives may be an impermissible burden on the electors' constitutional power to legislate by initiative]; *DeVita v. County of Napa* (1995) 9 Cal.4th 763, 785 (*DeVita*) ["the existence of procedural requirements for the adoptions of local ordinances generally does not imply a restriction of the power of initiative"];

9

*Native American Sacred Site & Environmental Protection Assn. v. City of San Juan Capistrano* (2004) 120 Cal.App.4th 961, 968 [regardless of the substantive law involved, a voter-sponsored initiative is not subject to the procedural requirements imposed on a statute or ordinance proposed and adopted by a legislative body].)  Thus, contrary to the Unions' assertion, the City's failure to comply with the Act before placing the Initiative on the ballot does not necessarily invalidate the Initiative.  (*Associated Home Builders etc., Inc. v. City of Livermore* (1976) 18 Cal.3d 582, 594 [procedural requirements governing city council action generally do not apply to a voter-sponsored initiative and noncompliance with the procedural requirements does not invalidate the initiative].)

Nonetheless, the Supreme Court has previously stated the citizens' reserved power of local referendum must yield in appropriate cases to the Act's requirements.  (See *Voters*, *supra*, 8 Cal.4th at p. 769.)  The Supreme Court explained the Legislature has the authority to restrict local referendums both from exceptions impliedly found in the state constitution as well as "from its power to enact general laws of statewide importance that override local legislation." (*Voters*, *supra*, at p. 779.)  " 'The state's plenary power over matters of statewide concern is sufficient authorization for legislation barring local exercise of initiative and referendum as to matters which have been specifically and exclusively delegated to a local legislative body.'  [Citation.]  [¶]  Thus, the Legislature may restrict the right of referendum if this is done as part of the exercise of its plenary power to legislate in matters of statewide concern."  (*Ibid*.)  Because the Act embodies matters of statewide concern, the Supreme Court concluded the Act, coupled with a Government Code provision requiring a county ordinance adopting or implementing a

10

memorandum of understanding with an employee organization to take effect immediately, evidenced an unmistakable legislative intent to preclude such ordinances from being subject to local referendum. (*Voters*, at p. 780; *DeVita*, *supra*, 9 Cal.4th at p. 776 ["The presumption in favor of the right of initiative is rebuttable upon a definite indication that the Legislature, as part of the exercise of its power to preempt all local legislation in matters of statewide concern, has intended to restrict that right"].)

In reaching its conclusion, the Supreme Court noted there was no requirement for comparable city ordinances to take effect immediately, and the Court expressly declined to decide whether its holding otherwise applied to cities. (*Voters*, *supra*, 8 Cal.4th at pp. 782, fn. 4, 784, fn. 6.) However, as PERB alludes to in its decision, the Initiative's validity may depend on whether, under the general reasoning in the *Voters* case, the Act wholly or partially preempts citizens' initiatives on matters within the Act's scope of bargaining.

PERB's decision includes arguments in favor of preemption, but PERB did not decide this question. The question is, therefore, beyond the scope of our review of PERB's decision. Additionally, as the City points out in its briefing and at oral argument, there may be interested persons, including the Attorney General and unrepresented employees subject to the Initiative, who may wish to address the question, but who are not parties to this review proceeding. The Proponents may also wish to present evidence on the question, which they did not have an opportunity to do in this proceeding.

11

Consequently, we conclude the question is more appropriately decided in a separate quo warranto proceeding.[6]

B

1

We next consider the propriety of PERB's administrative remedies. The parties do not dispute PERB has broad powers to remedy a violation of the Act. (*City of Palo Alto*, *supra*, 5 Cal.App.5th at p. 1310; *International Assn. of Firefighters, Local 230 v. City of San Jose* (2011) 195 Cal.App.4th 1179, 1214; see § 3509, subd. (b) ["The initial determination as to whether the charge of unfair practice is justified and, if so, the appropriate remedy to effectuate the purposes of [the Act], shall be a matter within the exclusive jurisdiction of [PERB] ... ."]; see also § 3541.3, subd. (i) [PERB has the power and duty "[t]o investigate unfair practice charges or alleged violations of this chapter, and take any action and make any determinations in respect of these charges or alleged violations as [PERB] deems necessary to effectuate the policies of this chapter ..."]; § 3541.3, subd. (n) [PERB has the power and duty "[t]o take any other action as [PERB]

---

6    During oral argument, the Unions asserted for the first time we should reform the Initiative in a manner that would render the Initiative void and unenforceable as to the employees represented by the Unions. The Unions have forfeited this assertion by failing to raise it in their briefs. (See *People v. Freeman* (1994) 8 Cal.4th 450, 487, fn. 3.) Further, before we could consider whether to reform the Initiative in the manner requested, we would first need to conclude the Initiative is invalid as to the employees represented by the Unions. For the reasons previously discussed, we conclude this review proceeding is not the appropriate forum to decide this question.

12

deems necessary to discharge its powers and duties and otherwise to effectuate the purposes of this chapter"].)

The parties also do not dispute PERB has the authority to impose the types of remedies it imposed in this case. (See § 3541.5, subd. (c) ["[PERB] shall have the power to issue [an] ... order directing an offending party to cease and desist from the unfair practice and to take such affirmative action, including but not limited to the reinstatement of employees with or without back pay, as will effectuate the policies of this chapter"]; Cal. Code Regs., tit. 8, § 32325 ["[PERB] shall have the power to issue a decision and order in an unfair practice case directing an offending party to cease and desist from the unfair practice and to take such affirmative action ... as will effectuate the policies of the applicable statute"].) Rather, the parties dispute whether PERB has the authority to impose remedies that effectively invalidate the Initiative, or at least assume the Initiative is invalid or will be invalidated.

We review PERB's remedial orders for abuse of discretion. (See *Oakland Unified Sch. Dist. v. Public Employment Relations Bd.* (1981) 120 Cal.App.3d 1007, 1015.) Generally, a "remedial order 'should stand unless it can be shown that the order is a patent attempt to achieve ends other than those which can be fairly said to effectuate the policies of the Act.' [Citations.]" (*Carian v. Agricultural Labor Relations Bd.* (1984) 36 Cal.3d 654, 674; accord, *Tri-Fanucchi Farms v. Agric. Labor Relations Bd.* (2017) 3 Cal.5th 1161, 1168–1169; *Jasmine Vineyards, Inc. v. Agricultural Labor Relations Bd.* (1980) 113 Cal.App.3d 968, 982 ["It is only when the remedies ordered by the Board are patently outside the Board's authority that a reviewing court can interfere"].)

13

Nonetheless, PERB's remedial orders may not be punitive. (*Superior Farming Co. v. Agric. Labor Relations Bd.* (1984) 151 Cal.App.3d 100, 123.) They may not violate the separation of powers doctrine. (*City of Palo Alto*, *supra*, 5 Cal.App.5th at pp. 1310–1311.) And, they may not encroach upon statutes and policies unrelated to the Act and, therefore, outside of PERB's competence to administer. (See *Hoffman Plastic*, *supra*, 535 U.S. 137 at pp. 144, 147.)

2

With these principles in mind, we first consider the propriety of PERB's compensatory remedy. "Restoration of the status quo is the normal remedy for a unilateral change in working conditions or terms of employment without permitting bargaining members' exclusive representative an opportunity to meet and confer over the decision and its effects. [Citation.] This is usually accomplished by requiring the employer to rescind the unilateral change and to make employees 'whole' from losses suffered as a result of the unlawful unilateral change. [Citations.]" (*Cal. State Employees' Ass'n v. Public Employment Relations Bd.* (1996) 51 Cal.App.4th 923, 946.)

In its current form, PERB's compensatory remedy essentially invalidates the Initiative by rendering the Initiative perpetually ineffectual. As we previously explained, because the question of the Initiative's validity is novel, complex, and outside the scope of our review of PERB's decision, the question is more appropriately decided in a separate quo warranto proceeding. (See part III.A., *ante*.) Meanwhile, the Initiative is presumptively valid. (See *Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1042; see also *San Francisco v. Cooper* (1975) 13 Cal.3d 898,

14

915 & fn. 7 [under the separation of powers doctrine, which applies to local legislative actions, "in the absence of some overriding constitutional, statutory or charter proscription, the judiciary has no authority to invalidate duly enacted legislation."] Accordingly, any action by PERB effectively invalidating the Initiative or assuming the Initiative is or will be invalidated impermissibly encroaches on constitutional law, statutory law, and policy matters involving initiatives, elections, and the doctrine of preemption that are unrelated to the Act.

When, as here, PERB has no power to directly undo an action, PERB's remedy is not to indirectly undo the action or treat the action as if it has been or will be undone. Instead, PERB's remedy is to order bargaining over the effects of the action and backpay for the affected bargaining unit employees during the bargaining process. (See *Highland Ranch v. Agricultural Labor Relations Bd.* (1981) 29 Cal.3d 848, 862–866; *El Dorado County Deputy Sheriff's Assn. v. County of El Dorado* (2016) 244 Cal.App.4th 950, 964; see also *Transmarine Navigation Corp.* (1968) 170 NLRB 389, 390.)

We have the power under the Act, as we deem just and necessary, "to make and enter a decree enforcing, modifying, and enforcing as modified, or setting aside in whole or in part the decision or order of [PERB]." (§ 3509.5, subd. (b).) We shall, therefore, modify PERB's compensatory remedy to order the City to meet and confer over the effects of the Initiative and to pay the affected current and former employees represented by the Unions the difference, plus seven percent annual interest, between the compensation, including retirement benefits, the employees would have received before the Initiative became effective and the compensation the employees received after the

15

Initiative became effective. The City's obligation to comply with the compensatory remedy extends until completion of the bargaining process, including the exhaustion of impasse procedures, if an impasse occurs. This modification serves the functions PERB intended. "It is 'compensatory in that it reimburses employees for the losses they incur as a result of delays in the collective bargaining process.' [Citation.] At the same time 'it ... reduces the employer's financial incentive for refusing to bargain in order to avoid the expenses [the employer] would be required to pay if [the employer] had entered into a collective bargaining agreement.' [Citation.]" (*Bertuccio v. Agric. Labor Relations Bd.* (1988) 202 Cal.App.3d 1369, 1390–1391.)

3

We next consider the propriety of PERB's cease-and-desist remedy. As written, this remedy can be, and in the Unions' view should be, broadly construed to require the City to meet and confer with the Unions before placing any citizens' initiative on the ballot that involves matters within the Act's scope of bargaining. So construed, this remedy assumes the Initiative, or any future similar citizens' initiative, is subject to the Act's procedural requirements even though this question is novel, complex, and beyond the scope of this review proceeding. Consequently, like PERB's compensatory remedy, PERB's cease-and-desist remedy impermissibly encroaches on constitutional law, statutory law, and policy matters involving initiatives, elections, and the doctrine of preemption that are unrelated to the Act.

In addition, the cease-and-desist remedy exceeds PERB's authority because it is not sufficiently tailored to the City's violation of the Act. "The Board's discretionary

16

authority to fashion remedies to purge unfair labor practices ... is contained by the requirement that the remedy shall be 'appropriate,' [citation], and shall 'be adapted to the situation which calls for redress,' [citation]. The Board may not apply 'a remedy it has worked out on the basis of its experience, without regard to circumstances which may make its application to a particular situation oppressive and therefore not calculated to effectuate a policy of the Act.' [Citation.]" (*NLRB v. District 50, UMW of America* (1958) 355 U.S. 453, 458 [78 S.Ct. 386, 389–390, 2 L.Ed.2d 401, 406].)

To avoid these infirmities, we shall modify PERB's cease-and-desist remedy to order the City to cease and desist from refusing to meet and confer with the Unions and, instead, to meet and confer with the Unions upon the Unions' request before placing a charter amendment on the ballot that is advanced by the City and affects employee pension benefits and/or other negotiable subjects. This modification prevents the City from engaging in the same conduct that violated the Act in this case without impermissibly encroaching on matters more appropriately decided in a separate quo warranto proceeding. If the Initiative is invalidated in the quo warranto proceeding, then a broader cease-and-desist remedy is unnecessary. If the Initiative is not invalidated, then a broader cease-and-desist remedy is unenforceable.[7]

---

[7] PERB acknowledged at oral argument it intended the cease-and-desist remedy to be limited to the context creating the need for the remedy.

C

We turn now to PERB's assertion that the procedural issue regarding the Proponents' limited participation in PERB's administrative proceedings is moot. The Proponents contend the issue is not moot because their exclusion from the administrative proceedings violated *Perry v. Brown* (2011) 52 Cal.4th 1116 (*Perry*).

The *Perry* case recognized that "since the adoption of the initiative power a century ago, decisions of both [the California Supreme Court] and the courts of appeal have repeatedly and uniformly permitted the official proponents of initiative measures to participate as parties—either as interveners or as real parties in interest—in both preelection and postelection litigation challenging the initiative measure they have sponsored." (*Perry*, *supra*, 52 Cal.4th at p. 1143.) The *Perry* case went on to hold "that when public officials decline to defend a voter-approved initiative or assert the state's interest in the initiative's validity, under California law the official proponents of an initiative measure are authorized to assert the state's interest in the validity of the initiative and to appeal a judgment invalidating the measure." (*Id.* at p. 1139.) The holding was expressly limited to judicial proceedings. (*Id.* at p. 1152.) The *Perry* case did not discuss whether the holding would apply by analogy to administrative proceedings such as occurred here.

We need not decide this issue because, although it is apparent from PERB's decision that PERB does not believe the Initiative is valid, PERB did not actually invalidate the Initiative. Moreover, we have concluded the Initiative's validity is beyond the scope of this review proceeding and must be decided in a separate quo warranto

18

proceeding. Meanwhile, the Proponents have been afforded an opportunity to express their views on the Initiative's validity before PERB and throughout this review proceeding. There is no further practical or effectual relief we can provide the Proponents at this juncture. Accordingly, we agree with PERB that the issue is moot in this review proceeding. (See *Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1222 ["[A] moot case is one in which there may have been an actual or ripe controversy at the outset, but due to intervening events, the case has lost that essential character and, thus, no longer presents a viable context in which the court can grant effectual relief to resolve the matter"].)

D

Lastly, we consider the Proponents' request for us to award them attorney fees against PERB and the Unions under Code of Civil Procedure section 1021.5 or under the equitable private attorney general doctrine. The Proponents assert that, if this court upholds the validity of the Initiative, they should receive an award of attorney fees because they successfully enforced an important right affecting the public interest and conferred a significant benefit on the general public. Since we have concluded the validity of the Initiative must be decided in a separate quo warranto proceeding, we deny the motion without prejudice to being resubmitted in that proceeding, if appropriate.

19

Given this decision, we need not address the Proponents' companion motion for judicial notice of superior court records from another case.

IV

DISPOSITION

PERB's compensatory remedy is modified to order the City to meet and confer over the effects of the Initiative and to pay the affected current and former employees represented by the Unions the difference, plus seven percent annual interest, between the compensation, including retirement benefits, the employees would have received before the Initiative became effective and the compensation the employees received after the Initiative became effective. The City's obligation to comply with the compensatory remedy extends until completion of the bargaining process, including the exhaustion of impasse procedures, if an impasse occurs. PERB's cease-and-desist remedy is modified to order the City to cease and desist from refusing to meet and confer with the Unions and, instead, to meet and confer with the Unions upon the Unions' request before placing a charter amendment on the ballot that is advanced by the City and affects employee pension benefits and/or other negotiable subjects. As so modified, PERB's decision is affirmed. The Proponents' attorney fees motion is denied without prejudice to being

resubmitted in a subsequent quo warranto proceeding, if appropriate.  Each party is to

bear its own costs in this review proceeding.

McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


NARES, J.